Argued April 6, affirmed April 20, 1966

SANDNER *v.* SANDNER

413 P. 2d 424

*Bruce W. Williams,* Salem, argued the cause for appellant. With him on the brief were Williams, Skopil & Miller, Salem.

*Laurence Morley,* Lebanon, argued the cause for respondent. On the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

Before McAllister, Chief Justice, and Perry, Denecke, Holman and Schwab, Justices.

PER CURIAM.

The plaintiff wife was awarded a divorce. She appeals from that part of the decree dividing the parties' property and awarding alimony.

Alimony of $500 per month was decreed. The wife was also awarded an additional $10,000, a 1964 Oldsmobile, one-half the retainages at cooperative canneries,—her share ultimately being worth approximately $33,000, life insurance policies on the husband's life of a face value of $30,000, and having an approximate cash value of $6,000, the household furniture, and a 119-acre farm. One appraiser valued the farm at $35,000, another at $63,000. It was encumbered by a $17,000 debt.

The plaintiff is only 42 years old; however, because of physical disability, she is unable to work and requires periodic medical treatment. The defendant is a farmer.

The husband was awarded real and personal property which comprised at least 55 per cent of the total value of the entire property; his share could amount to a substantially greater percentage, depending upon what estimates of value are used. However, the husband also assumed obligations of approximately $85,000. For the past few years the parties' joint income averaged approximately $6,500 annually. This is after a deduction for depreciation, largely of farm equipment, of from $6,000 to $8,000 per year.

■ The division of the property of the parties to a divorce is largely in the discretion of the trial court and its determination will not be disturbed unless it is clearly erroneous. *Barone v. Barone,* 207 Or 26, 33, 294 P2d 609 (1956). The same is true in the matter of alimony. *Koufasimes v. Koufasimes,* 206 Or 400, 407-408, 293 P2d 200 (1956).

■ We hold that the award of alimony and the division of the property made by the trial court were within the ambit of its discretion.

Costs to neither party.

Affirmed.