Argued September 13, affirmed as modified October 19,
petition for rehearing denied November 15, 1966

# JOHNSON *v.* JOHNSON
### 419 P. 2d 28

*Philip A. Levin,* Portland, argued the cause for appellant. On the brief were Pozzi, Levin & Wilson, Portland.

*Glenn R. Jack,* Oregon City, argued the cause for respondent. On the brief were Jack, Goodwin & Anicker, Oregon City.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

REDDING, J. (Pro Tempore).

This is an appeal by the plaintiff wife from a decree of the circuit court which awarded to her a divorce and which also made distribution of the property belonging to the parties. The decree granted the plaintiff no alimony. Upon appeal, plaintiff does not attack the parts of the decree which awarded to her a divorce and the custody of the children. Rather, she is dissatisfied because of the omission of the decree to grant her alimony, and she is likewise dissatisfied with the distribution of the property of the parties.

At the time of the trial plaintiff was 35 years of age and defendant was 37. They were married on May 16, 1953, more than 12 years prior to the trial. Neither had ever been married before. Plaintiff is a college graduate, and at the time of trial was beginning her second year as a teacher at Multnomah Junior College earning $500 per month. Her take-home pay was approximately $374 per month. Out of this, in addition to other normal living expenses, she was required to pay approximately $60 per month for baby sitting and house payments of $117 per month, plus approximately $60 per month real estate taxes on the family home.

Defendant is the son of wealthy parents, and during substantially his entire married life prior to April 1, 1965, had worked for his father's family corporation, Interstate Tractor and Equipment Co. He married after attending college for approximately two and one-half years. In recent years he earned a bachelor of science degree in Social Science by attending night school at Portland State College. On April 1, 1965, when earning $675 monthly, defendant terminated his employment with Interstate Tractor and Equipment Co. and accepted employment as a substitute teacher in the Portland school system with monthly earnings of approximately $320. Defendant now, and since the separation of the parties late in 1964 or early in 1965, has resided with his parents.

The trial court, by its decree, awarded plaintiff a divorce, the care, custody and control of the three minor children of the parties, Steven, Eric and Katharine, 11, 10 and 7 years old, respectively; $225 monthly for child support; awarded plaintiff the family car, a 1956 Ford station wagon; the household furniture and furnishings; the family home, subject to a remaining unpaid mortgage balance in the approximate sum of $17,000 which the plaintiff, by the terms of the decree, was required to pay (the equity in the home awarded to plaintiff was valued at $10,000); and awarded plaintiff 201 shares of stock in Interstate Tractor and Equipment Co. with a book value of $16,800. These shares were in plaintiff's name prior to the institution of the divorce proceedings and had been given to her by defendant's parents. The decree required defendant to pay and hold plaintiff harmless from the following financial obligations of the parties, to-wit: A remaining balance of $1,680 on a promissory note payable to defendant's parents; a bill of approxi-

mately $250 on account of dental services rendered the children of the parties, prior to the divorce; taxes for years prior to 1965-1966 on the family home in the approximate sum of $700; and $500 fixed by the trial court as a reasonable allowance on account of plaintiff's attorneys' fees in the within suit.

Defendant was awarded his personal effects, and 829 shares of stock in Interstate Tractor and Equipment Co. with a book value of $69,300. These shares were in defendant's name and had been given to him by his parents during the marriage. In addition to the stock held by the parties, defendant's parents had given each of the three children of the parties stock in Interstate Tractor and Equipment Co. with a book value of approximately $35,000. All of the stock held by the parties and their children was subject to certain restrictions on transfer, and no dividends had ever been paid thereon.

Plaintiff, in her first assignment of error, contends that the trial court erred in awarding to defendant the 829 shares of stock in Interstate Tractor and Equipment Co. which were registered in his name. We will consider this assignment of error after disposing of plaintiff's second and only other assignment of error, in which she contends the court erred in making no award to her for her support and maintenance.

Plaintiff recognizes that neither the defendant's property nor earnings warrant an award of alimony at this time, but urges a minimal, or token award, thus empowering the court at a later date to increase the award in the event circumstances change justifying an increase.

Counsel for plaintiff, in his brief, states plaintiff's position with reference to alimony as follows: "[i]f

defendant, at some later date, should inherit great wealth, and if plaintiff, having left her most marriageable years behind, should become ill and incapable of self support, there would be absolutely nothing that any court could do to remedy the situation * * *." ORS 107.130 reads in part as follows: "(1) The court, or judge thereof, has the power at any time after a decree is given, upon the motion of either party, to: (a) * * * modify so much of the decree as may provide * * * for the maintenance of either party to the suit; * * *."

■ The decree of the trial judge makes no provision for the payment to plaintiff of alimony or maintenance. We recognize that in the absence of a modification by this court at this time, the court will be forever foreclosed from making any award of alimony, for to do so would be to amend rather than modify the decree. *McFarlane v. McFarlane,* 43 Or 477, 73 P 203, 75 P 139.

■ To adopt the suggestion of counsel for plaintiff by making a minimal or token award of alimony for the sole purpose of reserving to the court the power to modify would result in an indirect, if not direct circumvention of the provisions of ORS 107.130(1)(a). In the opinion of the court, the mere possibility that the financial circumstances of the defendant might improve in the future through an inheritance from well-to-do parents, thus enabling him, solely by virtue of such inheritance, to contribute to the support of a former wife, is not sufficient grounds for the award of a minimal, token or other allowance of alimony. *Boyden v. Boyden,* 50 RI 326, 147 A 621.

We now turn to plaintiff's first assignment of error in which it is contended that the trial court erred in

awarding to defendant 829 shares of stock in Interstate Tractor and Equipment Co. A divorce court is granted a broad range of discretion by ORS 107.100(4) to "* * * make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances, * * *." The exercise of that power and the discretion necessitated thereby is illustrated by *McCraw v. McCraw,* 231 Or 638, 373 P2d 667 (1962). How to employ the discretion demanded by ORS 107.100(4) is always a difficult, delicate and solemn problem. The court is required to determine what would be a just division of the property under all of the circumstances.

As this court has repeatedly and consistently held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentage given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. Justice BAILEY, speaking for the court upon this question, in *Flanagan v. Flanagan,* 188 Or 126 at 145, 213 P2d 801 (1950) points out:

> "Much depends upon the particular facts of the individual case in determining the amount of or interest in the property of the other party to be awarded to the party not at fault. The matters to be considered are mostly the same as those pertaining to the allowance of permanent alimony. 2 Nelson, Divorce and Annulment, 2nd Ed., § 14.135, p. 144. In discussing the question of alimony, we said in Siebert v. Siebert, supra, as follows: 'Among the matters to be considered are: The financial condition of the parties; the nature and value of their respective properties; the contribu-

tion of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living.'"

■ It is apparent that with the talents and industry of plaintiff which account for her present annual gross earnings of $5,000 as a teacher, that had the defendant been able to provide, free of encumbrance, the family home in which the family has lived for several years and to which they have become accustomed, no compelling need for an award of alimony or a further division of property by this court would exist. Defendant argues that plaintiff and the children of the parties, because of the divorce, should seek more modest housing accommodations. This suggestion ill becomes one aspiring to become a teacher, and is one with which we cannot agree. A teacher should be more aware than most of the adverse effect a change in surroundings often has on children of tender years, and especially after they have so recently experienced the trauma of the separation of their parents. Unfortunately, the home is presently subject to a mortgage balance of $17,000 with monthly payments of $117. It would appear that considering defendant's present earnings only, the trial judge could conceive of no way of requiring him to pay said encumbrance in lump sum or by instalments, for in announcing his decision from the bench, the court stated:

"* * * Mr. Johnson at the present time does not have employment that would justify a greater sum. I am aware from what has been said that perhaps his family have resources, but I cannot by Order of this Court dip into them. I have no authority to do that.

"Neither can I require a violation of the provi-

sions of Defendant's Exhibit 'A', the stock agreement. I cannot assume that this stock has any particular value so far as his ability to pledge it or sell it or anything else is concerned." (The court here referred to the restrictions which the donors placed on the sale or pledge of said stock by the donees.)

Obviously, the mortgage payments on the home present a financial burden which the plaintiff will have difficulty meeting. Whether defendant can, by pledging or selling all or part of the stock which he owns in Interstate Tractor and Equipment Co., obtain the finances necessary to discharge said mortgage debt, we have no way of knowing. Conditioned, however, on defendant's paying said mortgage balance in its entirety on or before January 1, 1967, we affirm the decree of the trial court, subject only to the modification awarding plaintiff the family home free of encumbrance. Plaintiff should pay all monthly instalments on the mortgage accruing subsequent to the trial and prior to January 1, 1967.

If defendant is either unable or unwilling to pay the remaining unpaid mortgage indebtedness on the family home, after carefully considering the financial obligations of the parties, their earning capacity, their ages and condition of health, the fact that the plaintiff bore defendant three fine children, the social standing, comforts and luxuries of life to which the plaintiff became accustomed during her marriage, and especially the fact that the plaintiff, though entitled to a decree of divorce, is awarded no alimony after more than 12 years of marriage because of the unsalability of defendant's assets, though substantial in value, we reluctantly hold that the property of the parties, both

real and personal, should, so far as is practicable, be divided equally between them.

In order to accomplish such a division of equal value, we find that the 1,030 shares of stock in Interstate Tractor and Equipment Co. owned by the parties should be divided equally between them after awarding to defendant such portion thereof as would in value off-set in amount the $10,000 equity in the home awarded to plaintiff, plus the financial obligations other than child support and attorneys' fees placed on defendant by the decree. These financial obligations total $2,630 and consist of an unpaid balance of $1,680 on a promissory note executed by the parties in favor of defendant's parents; an unpaid bill in the sum of $250 on account of dental services rendered the children of the parties prior to the divorce; and unpaid real property taxes in the sum of $700 on the family home. The court is not unmindful that plaintiff was, by the decree, awarded the household furniture and furnishings in the family home, and the family car, a 1956 Ford station wagon. The record is silent as to the value of these items of personal property. We feel justified in giving no consideration to these items of personal property in arriving at a division of the property of the parties.

While the record is silent as to the true cash value of said stock, the parties, through their attorneys, stipulated that the 1,030 shares owned by the parties had a total book value of $86,100 from which we arrive at a book value of $83.58 per share. Assuming that the book value of said stock equals the true cash value thereof it will require 153.5 shares at $83.58 per share to equal the $12,630 off-set to which the court finds the defendant is entitled. After such award to defendant, a total of 876.5 shares remains to be divided

equally between the parties. The plaintiff now has 201 shares. The court decrees that the defendant transfer an additional 237¼ shares to plaintiff.

We recognize that the choice left to the defendant by this decision is most unusual for an appellate court. We are, however, here concerned with a case which concerns three fine children as well as the litigants, their parents. No matter could be of greater concern to the court.

Affirmed as modified.