Argued November 24, remanded with directions
December 22, 1975

KEENE, *Appellant, v.* KEENE (No. 21353),
(CA 4837), *Respondent.*

543 P2d 693

*Jack J. Cairns,* Portland, argued the cause and filed the brief for appellant.

*John J. O'Hara,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Husband and wife were divorced in 1958, and husband was ordered in the decree to pay $100 per month for child support. He fell in arrears in these payments, particularly during the first few years, with the result that on May 18, 1970 the parties executed and filed with the court on May 22, 1970 an agreement that husband then owed $3,800 on the arrearages. He further agreed therein to pay on arrearages $30 per month, plus $100 per month for current support, and also to bring the account up to date "no later than May 1, 1971 * * *." This agreement, entitled "Stipulation," formed the basis for a court order, dated "May 22, 1971" but filed with the clerk on "May 22, 1970," amending the decree according to the same agreement and terms and setting further hearing for May 17, 1971. Obviously, the court actually signed the order on May 22, 1970. The date 1971 was a typing error. Apparently no complete payment occurred or further hearing was held in May 1971, as nothing more appears in the record until June and July 1974, when, after motion and show cause hearing, the total current child support payment was raised from $100 per month to $225 per month. The order accomplishing this required husband to continue to pay $30 per month, in addition to the $225, upon arrearages. In November 1974 husband moved to have the court determine the arrearages.

In determining the arrearages, the court correctly held that each month's instalment is a separate judgment. ORS 107.126, 107.135(2), 18.360, 18.310. It also held that current support payments made are applied

to the last instalment then currently due, and not in order of accrual. Using this yardstick, it apparently also held all instalments going back beyond 10 years to be beyond the bar of the statute of limitations (*see Shannon v. Shannon*, 193 Or 575, 580, 238 P2d 744, 239 P2d 993 (1951), and ORS 12.070, 107.126, 107.135(2), 18.360)[1] and specifically found for each year, starting with 1964, the total payments and total accruals, ending with the first few months of 1975. The court's findings strike a final figure or "balance" of $491.41 due. These are detailed figures. There is no transcript on this appeal, and no other documents in the records show a basis for the court's findings. We assume one or both of the parties supplied the figures to the court.

Wife appeals, contending the court should have applied the "first in first out" rule expressed in *Fowler v. Courtemanche*, 202 Or 413, 274 P2d 258 (1954), which held that, where neither debtor nor creditor seasonably exercises his power to apply a payment to one of several debts, the payment is applied to the earliest matured debt to which the creditor might have applied it.

---

[1] In so doing the court apparently did not have called to its attention the implications inherent in bringing the judgment up to date (even by a possible merger into a new judgment) on May 22, 1970.

These matters *apparently* were not raised by either party in the trial court and were mentioned only incidentally in briefs on appeal.

Neither have the parties indicated their views on the application of Stephens v. Stephens, 170 Or 363, 369, 132 P2d 992 (1943), *overruled on other grounds* Shepard & Morse Lbr. Co. v. Clawson, 259 Or 154, 160, 486 P2d 542 (1971), where a child support judgment had been renewed and the husband successfully moved to have the renewal set aside. The court, in reversing, said:

"This is not an action on a judgment and we are not concerned with cases involving the time for the commencement of the running of the statute of limitations."

■ The Oregon Supreme Court in the holding represented by this rule was applying the applicable sections of the Restatement of Contracts. *See* Restatement, II Contracts 729, 742, 743, §§ 387, 393, 394 (1932). These rules are all prefaced by statements like "if neither * * * makes a seasonable manifestation of intention * * *" in Section 387(c). The defect in the wife's argument is that she ignores her agreement of May 18, 1970 with husband that $3,800 was then owed, which we think became the current judgment when it was so decreed on May 22, 1970.[2] Both she and husband "manifested" an intention not only of what the judgment then was, but also how future payments should be credited, for they agreed that $100 of each current payment should be applied to current instalments coming due, and $30 should go on arrearages, that is, the $3,800 judgment. In July 1974 this pattern was continued by the order raising current support to $225 per month and providing for $30 per month to be continued as payments on the arrearages.

■ We do not have a sufficient record before us to know when, or how closely even to compliance with the agreement, individual payments were made; hence, we cannot ascertain whether the circuit court followed the agreement and 1970 and 1974 orders in applying

[2]
"Whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and the lien thereof shall expire. However, before the expiration of 10 years the circuit court in which such judgment was docketed, on motion, may renew such judgment and cause a new entry of the same to be made in the judgment docket, after which entry the lien of the judgment shall continue for another 10 years unless sooner satisfied, and after which entry execution may issue upon such judgment for another 10 years." ORS 18.360.

The parties have not briefed, or even noted in briefs, what effect this statute has, in view of the agreement and order of May 22, 1970.

some of the payments to the accruing judgment. But it is apparent that the circuit court did not do so with reference to some payments. This is because its own order in this most recent proceeding failed to recognize its preceding order and decree of May 22, 1970 which declared the amount of the judgment at that time to be $3,800. In the detailed findings of this most recent order the circuit court showed the amount of the "balance" or arrearage at the end of 1971 as $1,915.41, and at the end of 1970 as $2,145.41. The previous order, based on agreement on May 22, 1970, was that the balance of the judgment was $3,800; hence, the most recent order cannot be reconciled therewith.

The record is incomplete; hence, we must return the matter to the circuit court for further proceedings consistent with this opinion.

Remanded with directions.