Argued April 28, affirmed as modified, no costs to either party June 13, 1978

In the Matter of the Dissolution of the Marriage of
ROBINSON, *Appellant,*
*and*
ROBINSON, *Respondent.*
(No. 77-408-E-3, CA 10009)
579 P2d 887

Lee S. Werdell, Medford, argued the cause and filed the brief for appellant.

Donald K. Denman, Medford, argued the cause for respondent. With him on the brief was Denman & Cooney, Medford.

Before Johnson, Presiding Judge, and Gillette and Roberts, Judges.

JOHNSON, P. J.

.

## JOHNSON, P. J.

In this dissolution-of-marriage proceeding, the husband appeals that portion of the dissolution decree awarding the wife spousal support and attorney's fees.

The husband is 62 and the wife is 54. The parties were married for approximately 10 years. At the time of the marriage, both parties were employed and owned property. The husband was a special agent for the National Board of Fire Underwriters and also owned two small businesses. The wife was a teletype operator for the state police and owned a house in her own name. By an antenuptial agreement between the parties, the wife retained the right to dispose of the house. Prior to trial, she conveyed the house to her son, retaining for herself a life estate. In dividing the property, the trial court essentially placed the parties in the position they were in prior to the marriage. The husband was awarded his personal effects, the two businesses, about half of the parties' personal property, and his automobile. The wife was awarded her personal effects, half of the personal property, and her automobile.

The trial court also ordered the husband to pay the wife $500 a month in spousal support for two years, followed by $300 a month for three additional years. The husband contends that this award was excessive. In fixing the amount and duration of spousal support for the wife, we take into consideration the duration of the marriage, the ages of the parties, their health and conditions, their work experience, their financial condition and resources, and the need for retraining or education to enable the wife to become employable at suitable work or pursue career objectives. ORS 107.105(1) (c). Ordinarily, when the marriage is of relatively short duration and the wife is employable, spousal support is either inappropriate or appropriate only for a limited period of time. As we stated in

*Kitson and Kitson,* 17 Or App 648, 655, 523 P2d 575 *rev den* (1974):

> "Length of the marriage is germane because the longer the marriage, the more likely it is that the wife has foregone employment experiences, the absence of which will make it more difficult for her to achieve employment and self-sufficiency."

■ The wife here has not foregone employment experiences as a result of the marriage. However, her employment opportunities have become limited under circumstances warranting some spousal support. The wife testified that she was employed at an income of about $500 a month at the time of the marriage and continued in that employment for several months following the marriage, but was obliged to quit working because of a pre-existing back disability which was apparently aggravated by her long automobile trips accompanying the husband and assisting him in his business. She also testified that she had been unable to secure similar employment which she could perform with her disability, and that in order to return to the job market she would need additional training which she felt she could complete in no more than two years at a local business school. Under these circumstances, the trial court's award of $500 support for two years was justified to permit the wife to obtain necessary training. However, the award of $300 per month for an additional three years was excessive. By the end of two years, the wife should by her own admission be able to support herself at a level comparable to that which she enjoyed prior to and during the marriage.

The husband maintains that an award of $500 a month support is excessive because it consists of more than 50 percent of his net take-home pay of $930 as a deputy sheriff. However, we are convinced upon de novo review of the record that the husband's net income from both his salary and his two businesses is substantially more than $930 a month. The decree is modified to delete the provision for $300 per month support.

The husband also appeals from the award of $700 attorney's fees to the wife. We conclude that the award of attorney's fees was reasonable.

Affirmed as modified; no costs to either party.