Argued May 21, affirmed September 17,
reconsideration denied October 25,
petition for review denied November
13, 1979 (288 Or 81)

# HANLIN,
## *Respondent,*
### *v.*
# HANLIN,
## *Appellant.*

## (No. 66-832-E, CA 12590)

600 P2d 454

Larry C. Hammack, Medford, argued the cause for appellant. On the brief was Paul W. Haviland Medford.

Patrick Ford, Medford, argued the cause for respondent. With him on the brief was Ford & Cowling, Medford.

Before Schwab, Chief Judge, Tanzer, Richardson, and Roberts, Judges, and Peterson, Judge Pro Tempore.

RICHARDSON, J.

## RICHARDSON, J.

Wife appeals an order modifying a decree of divorce entered in 1967, which terminated spousal support. The proceeding was initiated by husband's petition to eliminate spousal support pursuant to ORS 107.407. Wife filed a counter petition to increase spousal and child support. The court terminated spousal support but increased child support from $50 to $300 per month.

The parties were divorced in 1967. Wife was given custody of the parties' four children. Only the youngest child, now 15 years old, is presently living with wife. In the original decree husband was required to pay $50 per month child support for each child, $200 per month spousal support and $125 per month for the house payment. This latter provision, which was part of the property settlement agreement, was not modified by the court.

Wife argues that ORS 107.407, which was enacted subsequent to entry of the decree, is not applicable. That statute provides:

> "If an individual has paid an amount of money in instalments for more than 10 years for the support of a former spouse under a court decree of annulment or dissolution of marriage that ordered such payment, and when the former spouse has not made a reasonable effort during that period of time to become financially self-supporting and independent of the support provided under the decree, the individual paying the support may petition the court that issued the decree to set aside so much of the decree as may provide for the support of the former spouse."

Husband made no argument that the statute applied to this decree but contends the court has authority, aside from that particular statute, to modify the decree by terminating spousal support.

■ In *Grove and Grove*, 280 Or 341, 353, 571 P2d 477 (1977), the court, in discussing the principles to be applied in determining the amount and duration of

spousal support, noted the legislature had amended the marriage dissolution statutes in certain particulars since entry of the decree in that case. The court stated these amendments, which became effective after entry of the decree, were not directly applicable. However, the court said that they reflected existing policy and were therefore relevant in determining the questions being considered by the court.

ORS 107.407 falls into that category. Although the statute is not directly applicable to this decree it is an elaboration of existing policy that we explained in *Kitson and Kitson*, 17 Or App 648, 523 P2d 575 *rev den,* (1974), decided prior to enactment of ORS 107.407.

■ In *Kitson* we rejected the idea that one spouse is the ward of the other following a dissolution of marriage and said it is not the policy of the law to give the wife a perpetual lien against her former husband's future income. This policy implies an obligation on the dependent spouse to make a reasonable effort to achieve economic independence of spousal support. In deciding whether a decree should be modified to reduce or terminate spousal support the court should consider the goal of ending the support-dependency relationship within a reasonable time where it would be just and equitable to do so. *See Grove and Grove, supra.*

■ The parties were married for 12 years prior to the divorce. Wife was given custody of the four children. By 1970 the two older children were emancipated and one child was deceased. The remaining daughter was 14 years old at the time of the modification proceeding. Wife was 51 years old. Since the divorce in 1967 she has worked only sporadically and never in a job of long duration. She testified that she elected not to seek full-time employment in order to remain home and care for the children. She has had some medical problems but testified that she is able to handle a full-time job. She did not graduate from high school and has sought no further training or education to

qualify her for employment beyond that which she is presently capable of doing.

Because the wife no longer has the care of young children she is now able to seek full-time employment. The court increased the child support payment to $300 per month. The total amount husband had been paying was increased by $50 per month. By the time the child support payments terminate wife will have had an opportunity to provide herself with a means of earning an adequate living. We conclude the elimination of spousal support is proper.

Our affirmance of the court's order modifying the decree also disposes of wife's request for an increase in spousal support.

■ Wife's final contention is that the award of attorney fees by the court was inadequate. The court awarded wife $400 attorney fees based on the testimony of her counsel as to the amount of time he spent in conjunction with the hearing. It appears that a substantial portion of the attorney's time was spent on matters which were not a direct issue in the hearing. We conclude the award was reasonable.

Affirmed. No costs to either party.