Argued and submitted July 25, affirmed September 8, 1980

McGEE,
*Respondent,*
*v.*
McGEE,
*Appellant.*

(No. 60-386E, CA 16788)

616 P2d 555

Howard Boruta, Klamath Falls, argued the cause and filed the brief for appellant.

Robert D. Puckett, Klamath Falls, argued the cause for respondent. With him on the brief was Proctor, Puckett & Fairclo, Klamath Falls.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Wife appeals an order modifying a decree of divorce to terminate spousal support. The proceeding was initiated by husband's petition to eliminate the spousal support provision of the decree. Wife filed a counter-petition to increase spousal support.

The parties were divorced in 1961. The children of the parties are now emancipated. The decree awarded wife $25 per month spousal support and incorporated a property division agreement executed by the parties which divided the property equally. The principal asset was a lumber mill owned by the parties. Prior to entry of the decree the mill was leased to a lumber company. The lessee purchased the mill shortly after the divorce. The down payment and subsequent contract payments were divided equally between husband and wife. Subsequent to the divorce, wife purchased a home and adjoining unimproved lots which she owns free and clear of any encumbrance.

Wife's principal income since the divorce has been from her sale of property that she was awarded in the decree and her share of the contract payments from the sale of the mill. It is clear that she has not been dependent on the $25 per month spousal support.

Wife did not work during the marriage. Subsequent to the divorce she attended a few night courses to update her typing and bookkeeping skills. Following the divorce, she has been sporadically employed in short term jobs. Her usual employment has been in restaurant work. She has made a few unsuccessful attempts to utilize her secretarial and bookkeeping skills.

Wife is presently 58 years old and suffers from a number of medical problems, including a blood disorder and partial loss of hearing. She, however, had the same health problems at the time the divorce was granted. She testified that she is able to work and, although presently unemployed, has made application for employment.

In *Hanlin v. Hanlin,* 42 Or App 165, 600 P2d 454, *rev den* 288 Or 81 (1979), we held that although ORS 107.407[1] was not directly applicable to decrees entered before the effective date of that statute, it was an elaboration of existing policy respecting termination of spousal support awards. We said:

"In *Kitson [v. Kitson,* 17 Or App 648, 523 P2d 575 *rev den* (1974)]* we rejected the idea that one spouse is the ward of the other following a dissolution of marriage and said it is not the policy of the law to give the wife a perpetual lien against her former husband's future income. This policy implies an obligation on the dependent spouse to make a reasonable effort to achieve economic independence of spousal support. In deciding whether a decree should be modified to reduce or terminate spousal support the court should consider the goal of ending the support-dependency relationship within a reasonable time where it would be just and equitable to do so. *See Grove and Grove,* [280 Or 341, 571 P2d 477 (1977)]." 42 Or App at 168.

In this case the children of the parties are adults and have long since been emancipated. During the 19 years since the divorce, wife has made little effort to supplement her income by employment. She has not been dependent on the minimal spousal support paid by husband.

A decree cannot be modified to include spousal support where it was not originally awarded, ORS 107.135(1)(a). Wife suggests the minimum amount of spousal support should be maintained as a basis for future modifications. That contention is inconsistent with the policy expressed in *Grove and Grove, supra;*

---

[1] ORS 107.407 provides:

"If an individual has paid an amount of money in instalments for more than 10 years for the support of a former spouse under a court decree of annulment or dissolution of marriage that ordered such payment, and when the former spouse has not made a reasonable effort during that period of time to become financially self-supporting and independent of the support provided under the decree, the individual paying the support may petition the court that issued the decree to set aside so much of the decree as may provide for the support of the former spouse."

*Kitson and Kitson, supra;* and *Hanlin and Hanlin, supra.* In the circumstances of this case where the parties have been divorced for 19 years and wife has not been dependent on the minimal spousal support award and has not made a reasonable effort to supplement her income, we conclude that spousal support should be terminated. It follows that wife's petition to increase spousal support was properly denied.

Affirmed. No costs to either party.