Argued and submitted April 26, affirmed as modified July 21, 1982

In the Matter of the Marriage of

KOCH,
*Appellant,*
*and*
KOCH,
*Respondent.*

(No. 80-38523, CA A22616)

648 P2d 406

Jean W. Christensen, Salem, argued the cause and filed the brief for appellant.

Beverly D. Richardson, McMinnville, argued the cause for respondent. With her on the brief was Drabkin and Tankersley, McMinnville.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals the financial provisions of a decree of dissolution of a four and one-half year marriage. He contends that the division of property was inequitable and that the award of token spousal support and attorney fees to wife was unjustified.

The parties were married in December, 1977, although they had lived together for about one year before that date. Husband was 32 and wife 35 at the time of trial. No children were born of the marriage. It was husband's first marriage and wife's third. She had two children from a former marriage who lived with the parties. Husband was employed on a commercial refuse route, and at time of trial his gross salary was $1,800 a month. At time of trial, wife worked full-time as a salesperson in a jewelry store, earning approximately $4.75 an hour.

Before the parties' marriage, husband had purchased a house from his parents. He made a $5,000 down payment and made the monthly mortgage payments until the house was sold after the parties had married. They used $10,000 from the proceeds of the sale as a down payment on the residence they owned at the time of trial. Wife brought $3,000 to the living arrangement, which began about one year before their marriage. She worked at different times during the marriage and received some child support from her former husband and an ADC grant. Husband at times received a stepfather grant during the times wife was receiving ADC. The income of the parties was co-mingled and used for the family expenses.

Shortly after the parties married, they got into an argument that began at a Christmas party and continued after they returned home. Wife kicked husband, and he grabbed and twisted her ankle, resulting in multiple fractures of the ankle bones. She was in a cast and recuperating for a substantial period of time. Wife subsequently filed a personal injury tort action against husband. That action was awaiting trial when the decree was entered. After the briefs were filed in this appeal, the parties, by leave of court, supplemented the record with the judgment order in wife's tort action. The judgment was for husband on a jury verdict.

The decree awarded the family home to husband, subject to a lien securing a judgment in favor of wife for $11,250. Husband was directed to pay the debts of the marriage and $700 toward wife's attorney fees. Respecting spousal support, the decree provided:

"In light of the unusual nature of the Respondent's [wife's] injury, the Petitioner is ordered to pay token spousal support in the sum of $1.00 per year for a period of ten (10) years. The entire ten years' sum shall be paid forthwith ($10.00). The Court, however, reserves jurisdiction to amend this decree upon conclusion of the civil litigation between the parties."

■ The division of the property of the parties in a dissolution proceedings is within the discretion of the trial court and will not be disturbed unless clearly erroneous. *Sandner v. Sandner,* 243 Or 349, 413 P2d 424 (1966). We conclude that the division of property was equitable under all the circumstances.

■ Husband contends that the award of token spousal support for the purposes of future modification is unjustified. It is obvious from the wording of the decree that the court intended to modify the decree in the event wife did not recover damages for her injury in the tort action against husband. Although a court in a dissolution proceedings has full equity powers, ORS 107.405, the exercise of such powers is limited by statute to certain subjects. The court may, by decree, provide for the distribution of property of the parties and for the support of either party. ORS 107.105. There is no authority to award damages for injuries sustained by one spouse at the hands of the other. If spousal support is awarded, it is because of the needs of the dependent spouse and not as a means of compensating one spouse for injuries suffered during the marriage. The institution of "no fault" dissolution in Oregon did away with the previous practice of assigning fault and awarding property or support based on fault.

■ ■ The injuries to wife's ankle are relevant only insofar as they effect her employability or need for support. She testified that her ankle swelled and became uncomfortable, but she was able to work full-time in her chosen profession. She testified that the injuries curtailed some of

her leisure activities, but there is little evidence that her earning potential was affected. In marriages of short duration spousal support is usually inappropriate when the spouse seeking support is employable. *Robinson and Robinson,* 34 Or App 771, 579 P2d 887 (1978). There is no justification here for any award of spousal support.

■ Wife contends that, because a decree cannot be modified to include spousal support if none was initially ordered, ORS 107.135(1)(a), a token award is necessary to allow future modification in the event she were not to prevail in the civil action against husband or her injuries were to become aggravated so that she would need support. As indicated, spousal support is based on the needs of the requesting spouse demonstrated at trial and not on some speculative need based on future events. In *Johnson v. Johnson,* 245 Or 10, 419 P2d 28 (1966), the wife had sought token support as a basis for future modification. The husband's parents were wealthy, and the wife argued that future modification would be justified if the husband inherited great wealth or if she became ill and incapable of self-support. The court rejected her argument:

> "To adopt the suggestion of counsel for plaintiff [wife] by making a minimal or token award of alimony for the sole purpose of reserving to the court the power to modify would result in an indirect, if not direct circumvention of the provisions of ORS 107.130(1)(a).* * *"[1] 245 Or at 14.

*See also McGee v. McGee,* 48 Or App 163, 616 P2d 555 (1980); *Ward v. Ward,* 41 Or App 447, 599 P2d 1150, *rev den* 288 Or 141 (1979). There is no justification for the award of token spousal support.

Husband contends that there is no basis in the record for the award of $700 attorney fees to wife. The parties stipulated that the court could determine the amount of attorney fees, if awarded, without receiving evidence as to the appropriate amount. We affirm the award of fees under the stipulation.

Decree modified to delete the provision for spousal support; decree affirmed as modified. No costs to either party.

---

[1] The substance of former ORS 107.130(1)(a) is now contained in ORS 107.135(1)(a).

**THORNTON, J.,** dissenting in part.

For reasons which follow, I do not agree with the deletion from the decree of the provision for spousal support. Under the peculiar facts of this case, I believe that inserting this provision in the decree was proper.

The awarding of spousal support is authorized by ORS 107.105(1)(c)(C). One of the conditions enumerated in ORS 107.105(c) is:

"* * * * *

"(C) Their health and conditions;

"* * * * *."

I submit that the trial court did not err in awarding token spousal support in order to permit wife to petition for increased spousal support in the event that wife failed to recover from her injury sufficiently to permit her to support herself. This amounted to a provision reserving the power of modification in anticipation of a possible change of the financial circumstances of the parties and at the same time avoiding the possibility that wife could in effect receive double compensation for that injury. The propriety of inserting such a provision in a decree has been recognized in a number of states. *See* Annot., 155 ALR 609, 613 (1945). Here the court had no assurance that wife would be able with reasonable effort to support herself or that a jury would award her any compensation on account of her injury and disability. In view of the circumstances I conclude that the anticipatory provision fashioned by the trial court was a reasonable exercise of the court's broad equity power.

ORS 107.405 provides:

"When a court is sitting in proceedings for annulment or dissolution of a marriage, or for separation, it shall have full equity powers."

A dissolution proceeding is governed by the principles and practices of equity. *See* 24 Am Jur2d, Divorce & Separation § 7.