Argued and submitted November 10, affirmed as modified December 7, 1983

In the Matter of the Marriage of

POOL,
*Respondent,*
*and*

POOL,
*Appellant.*

(DM 81-10-224; CA A27751)

672 P2d 1231

Craig A. Lytle, Lake Oswego, argued the cause and filed the brief for appellant.

George Hoselton, Brookings, argued the cause for respondent. On the brief were John C. Babin, and Coutrakon, Hoselton & Babin, Brookings.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals from a dissolution decree. We understand her contention to be that the trial court failed to make an equitable distribution of the parties' real and personal property.

The record indicates that the trial court intended to divide the marital assets equally. In a preliminary opinion letter, the court awarded husband certain personal property then in the possession of wife. That property was valued by husband, and implicitly by the court, at about $10,000. The court ordered wife to deliver that property to husband by January 1, 1983, otherwise "[wife's] 29% interest in the Bethel Island contract will become the property of [husband] free and clear of any interest on the part of [wife]." Wife's 29% interest was valued by the court at $9,256. Wife did not deliver the property to husband. On March 1, 1983, the court entered a decree giving husband all of the parties' interest in the Bethel Island contract.

We find no reason to disturb the trial court's underlying decision that the marital assets should be divided equally, nor do we question the court's decision to award personal property then in wife's possession to husband. The court gave wife a clear choice, *i.e.*, return the personal property to husband or lose other property of about the same value that the court had tentatively awarded to her. She failed to deliver the property, and the court gave him the 29% interest in the Bethel Island contract that it had previously tentatively awarded to her.

Wife contends that she never possessed or controlled some of the personal property the court ordered her to deliver to husband and that she, therefore, could not comply with the order. She also contends that the property had a "trifling market value" and that, although some of the property might have had some sentimental value to husband, it had no significant value to her. The trial court stated:

"I do not find wife's testimony in regards to the personal property to be creditable [sic] * * *."

We defer to the trial court's findings. We find nothing in the record to persuade us that the division of the property here was "clearly erroneous." *Koch and Koch,* 58 Or

App 252, 255, 648 P2d 406 (1982). We therefore will not disturb the trial court's decision to award husband property of approximately equal value when wife did not deliver the personal property to husband.

We do not understand, however, why the decree provides that wife must *still* return the personal property after having forfeited the other property. The decree provides in relevant part:

"4.)    That [wife] shall be awarded the following described property, which shall be owned solely and absolutely by [wife], free and clear of any claim or interest of [husband], who shall transfer, assign and set over unto [wife] all of [Husband's] right, title and interest in and to said property, said [wife] to fully assume any obligations connected therewith, indemnifying and saving and holding harmless [husband] therefrom:

"* * * * *

"j.    [Wife's] personal property and items of personal significance, all of which is in her possesion at this time, excluding those items of personal property as set forth in the attached Exhibit 'A' which she has in her possession and which shall be returned to [husband] and for which no set off shall be allowed based upon the failure of the [wife] to return those items on or before January 1, 1983, as ordered by the Court."

As we independently view the record, we conclude that wife should receive half the marital assets. She had a choice, *i.e.,* return the personal property valued at $10,000 and get the interest in the Bethel Island contract, valued at $9,256, or keep the personal property and lose the interest in the contract. She should not lose her interest in the contract *and* still be required to return the personal property.

Decree modified to delete paragraph 4j; affirmed as modified. Costs to wife without attorney fees.