Argued March 30, affirmed April 21, 1972

HUSARI, *Appellant, v.* HUSARI (No. 359-239),
*Respondent.*

496 P2d 22

*Donald W. Andrews,* Portland, argued the cause for appellant. With him on the briefs were Dale A. Rader and Rader & Kitson, Portland.

*Clifford W. Powers,* Portland, argued the cause for respondent. On the brief were Potts & Powers, Portland.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

In this divorce case the trial court decree awarded plaintiff, *inter alia,* a judgment of $33,700 to

be paid by defendant at $130 per month, *without interest*. Plaintiff moved for reconsideration of the decree and the court, after hearing argument by respective counsel, concluded that the division of property was equitable and refused to modify the decree to allow interest. Plaintiff appeals, asserting, as her sole assignment of error, that the court abused its discretion in not allowing interest on the judgment.

With reference to interest, ORS 82.010 provides:

"(1) The legal rate of interest is six percent per annum and is payable on:
"* * * * * *

"(b) Judgments and decrees for the payment of money from the date of the entry thereof unless some other date is specified therein * * *.
"* * * * * *."

Appellant contends that this statute requires the trial judge to award interest. We do not agree. ORS 107.100(4), in effect at the time involved in this case, provided that the court, as part of a marriage dissolution, had power further to decree as follows:

"(4) Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances * * *."

Division of the property of the parties to a divorce is largely discretionary and will not be disturbed on appeal unless clearly erroneous. *Sandner v. Sandner*, 243 Or 349, 413 P2d 424 (1966). With reference to the judgment without interest, the court could have arrived at substantially the same result by reducing the principal amount awarded to plaintiff and allowing in-

terest on the lesser amount. Thus it could have done indirectly what it proposed to do directly. We think courts of equity should be free to allow or withhold interest as, under all the circumstances of the case, seems equitable and just. The court in this case did that and we agree with its determination.

In view of our holding, it is not necessary to discuss the other issues which were raised in the appeal.

Affirmed.