Argued October 20, affirmed November 24, 1975

In the Matter of the Dissolution of the Marriage of
DEMKE, *Respondent, and* DEMKE
(No. D-7009) (CA 4611), *Appellant.*
542 P2d 943

*Paul J. DeBast,* Beaverton, argued the cause for appellant. With him on the brief were Thompson, Adams & Lund, Beaverton.

*David Lawrence Swanson,* Beaverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

In this dissolution of marriage proceeding the trial court awarded to the wife the principal asset, the home, valued at $18,500. The husband appeals that portion of the decree dividing the assets, claiming she should not have been awarded the entire interest in the home.

Husband at trial was 61 and wife 45. This was husband's fourth marriage and wife testified it was her second. They met as the result of husband's answering "* * * a matrimonial ad in an international publication." Husband met her in Hof, Germany about two weeks before they were married in November of 1972. Husband provided the funds for wife and her three children by a prior marriage to come from Germany to Oregon shortly after their marriage. At trial the wife testified through an interpreter although there was evidence that she could communicate in English at about the sixth grade level. There are no children of the present marriage.

Husband was employed at Tektronix, Inc., in Beaverton, Oregon, for 16 years and left in the summer of 1972 because he felt the emotional strain of the job was affecting his health. He was thereafter employed on a part-time basis at Chemtrix, Inc., Hillsboro, Oregon, during 1973 and 1974.

Wife's educational background, in Germany, included elementary and high school and a year of music school. Her employment experience is limited and most of her adult life was spent as a housewife and homemaker. She was on welfare and not employed when she and husband met and were married. Both parties complain of health problems commensurate with their age. Shortly after the marriage, on Mother's Day, 1973, husband gave the real property in contention here to his wife, thereafter recording a deed of the property to her.

The husband contributed to the marriage the bulk of the marital assets, which were estimated àt trial to have a total value of $45,000. The court awarded to husband all the assets except the house, an automobile valued at $500, and miscellaneous personal effects and property of the wife of unknown value. While the award of the real property to the wife after approximately two and one-half years of marriage at first blush seems overly generous, the trial court reasoned as follows:

"* * * While I realize the marriage is of short duration, he in fact did bring her here, and so he bears maybe some greater responsibilities in this marriage than he might have otherwise. He brought her here knowing of her limited work skills, with children to be raised, and with her limited knowledge of the English language, and limited knowledge of customs, traditions, and of our society. And because of these things, he does bear greater responsibility than he might otherwise. As a result of that kind of responsibility which I see, I am going to award to her what was the family home that has been described in the testimony and in comments of counsel, and award all of his interest, whatever interest that may be. * * *"

■ It-is recognized in this state that there can be no hard and fast formula for the distribution of marital property. Our Supreme Court said in *Johnson v. Johnson,* 245 Or 10, 15, 419 P2d 28 (1966):

"As this court has repeatedly and consistently held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentage given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. * * *"

■ In our review we conclude that the award made by the trial judge was just and proper under the circumstances.

Affirmed. No costs to either party.