Argued May 21, affirmed July 19, 1976

# In the Matter of the Dissolution of the Marriage of
## RENNACKER, *Respondent,*
### *and*
## RENNACKER, *Appellant.*
### (No. 91004, CA 5611)
551 P2d 1306

*Mark M. McCulloch,* Portland, argued the cause for appellant. With him on the brief were Powers & McCulloch, Portland.

*Ronald E. Hergert,* Oregon City, argued the cause for respondent. With him on the brief were George L. Hibbard and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

**FOLEY, J.**

This is an appeal by the wife from that portion of a dissolution decree which awarded the real property to the husband and awarded the wife a $10,000 lien against the real property as representing approximately one-half the parties' equity. The lien is due and payable two years from the date of the decree, at eight percent interest. In addition, the wife contends that the support payments of $125 per month for each of two children are inadequate considering the respective income of the parties.

This was an eight-and-one-half-year marriage. The wife was 36 and the husband 46 at the time of dissolution. The husband adopted the two children of the wife about five years prior to the dissolution. Both parties were employed at the time of dissolution, he at approximately $1,300 net per month with substantial financial obligations to meet, she at $400 net per month with the responsibility of caring for the children.

As we said in *Demke and Demke,* 23 Or App 403, 405, 542 P2d 493 (1975):

> "It is recognized in this state that there can be no hard and fast formula for the distribution of marital property. Our Supreme Court said in *Johnson v. Johnson,* 245 Or 10, 15, 419 P2d 28 (1966):
>
>> " 'As this court has repeatedly and consistently held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentage given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. * * *' "

We have reviewed the record and conclude that the trial court made a fair division of the property. We also conclude that the amount designated for child support was proper under the circumstances.

Affirmed. No costs to either party.