Argued May 18, affirmed as modified August 2, 1978

In the Matter of the Marriage of
MEIER, *Respondent,*
*and*
MEIER, *Appellant.*
(No. 100361, CA 9714)
581 P2d 984

Gilbert B. Feibleman, Salem, argued the cause and filed the brief for appellant.

Robert E. Nordyke, Salem, waived appearance for respondent.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

BUTTLER, J.

[ 557 ]

## BUTTLER, J.

Husband appeals from the dissolution decree, assigning as error the court's distribution of the family assets, the deferral of payment of his share, and child support.

The parties were married approximately eleven years and have one child, born in 1970. The only asset of the marriage over which there is any dispute is the family home, appraised for tax purposes at $18,800. Both parties agree it is worth somewhat more. There is an outstanding mortgage on the home, on which the present principal balance is slightly more than $2,000; it will be paid in full in about two years under the existing amortization schedule. Husband is currently earning a net income of $862 per month; wife is earning a net monthly income of $492. Husband received a $3,300 bonus in 1976.

The home was awarded to wife, to whom custody of the child was awarded, subject to a judgment lien in favor of husband in the amount of $5,000, with 8% interest,[1] payable upon wife's death, the child's death, wife's remarriage or the child reaching the age of 18. He is required to pay $150 per month child support.

Husband divides his argument into three major contentions. First, he contends that the property division is inequitable: having contributed at least 50% to the value of the house, he is receiving less than 30% of its value. Secondly, he contends, deferral of payment of the money judgment, even with interest, is inequitable: wife should be required to pay him now by refinancing the high-equity property. Finally, he contends, having given up significant value of the house for the sake of shelter for his daughter, child support should be reduced, at least after two years when the mortgage on the house will have been satisfied.

---

[1] *But see* ORS 82.010(b). Wife has not cross-appealed, or otherwise raised the question, so we do not pass upon the propriety of a judicial award of 8% interest on the judgment.

■ All things considered, however, we conclude that the property division is equitable. Given the income disparity of the parties, and the additional burden custody entails, it is questionable whether the wife was awarded a "long half."

■ However, we think husband should be paid his judgment on a more expedited basis. In about two years, the existing mortgage will have been paid in full, and we see no reason why wife should not, at that time, pay husband the money to which he is entitled. *See Sites and Sites,* 30 Or App 1013, 568 P2d 712 (1977). Accordingly, paragraph 8 of the Decree of Dissolution is hereby modified to read as follows:

"8. The Respondent is hereby awarded judgment against Petitioner in the amount of $5,000, together with interest thereon at the rate of 8% per annum, which judgment is and shall be a lien on the real property referred to in paragraph 7 above, and more particularly described as:

" 'Beginning on the East line of Lot 3, Hollywood Subdivision in Township 7 South, Range 2 West of the Willamette Meridian in Marion County, Oregon, at a point which is 342.04 feet North 0° 22' East from the Southwest corner of said lot; thence North 0° 22' East along the West line of said lot 104.00 feet; thence South 89° 35' 30" East 143.00 feet to a point on the West line of a 30.00 foot roadway; thence South 0° 22' West along the West line of said roadway 104.00 feet; thence North 89° 35' 30" West 143.00 feet to the place of beginning.

" 'Subject to drainage easement to Marion County, Oregon.'

"Said sum, with interest, shall be due and payable within 90 days after the existing mortgage is paid in full, or would have been paid in full according to the amortization schedule applicable thereto. In the event said judgment is not so paid, Respondent may levy execution according to law."

*Affirmed as modified. Costs to neither party.*