Argued June 27, affirmed as modified September 18, 1978

In the Matter of the Marriage of
STRONG, *Appellant,*
*and*
STRONG, *Respondent.*
(No. D 7605 07050, CA 9188)

584 P2d 342

Marvin S. Nepom, Portland, argued the cause for appellant. With him on the brief were Ray F. Merry and King & Merry, Portland.

Ronald I. Gevurtz, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

The husband appeals the dissolution of marriage decree contending the division of property was inequitable. The parties were married in 1954. The only child of the marriage is the wife's son by a former marriage whom the husband adopted. The son is emancipated. The husband, aged 63, is retired from the United States Foreign Service and has a retirement income of $29,000 a year which is adjusted periodically in accordance with the cost of living index. The wife, aged 65, receives social security income of $160 per month. The decree provides for spousal support and the division of property as set forth below. The valuations shown, where in dispute, are based upon our de novo review of the record.

1. The husband is required to pay the wife one-half of his net pension.

2. The husband is required to maintain life insurance on his life naming the wife as beneficiary in the amount of $100,500. The amount of insurance will decline to $72,000 in four years.

3. The parties own approximately $25,000 in securities of which the husband received $18,000 and the wife $7,000.

4. The wife was awarded a 1973 station wagon and most of the household furnishings worth approximately $30,000.

5. The husband was awarded a 1970 Chevrolet automobile and three items of furniture which were family heirlooms.

6. The parties had invested $7,000 towards the eventual purchase of the husband's stepmother's home on the Tualatin River. The stepmother is aged 83 and in all likelihood the husband will inherit her interest in the home. There is no evidence concerning the value of the Tualatin River property. The husband presently resides there and pays the stepmother $150 per month

rent. The trial court awarded the husband the parties' interest in the property.

7. The primary asset of the parties is the residence located in Virginia which is worth $80,000, subject to a $15,000 mortgage. The wife presently resides there and rents one room for $125 per month. The trial court awarded the residence to the wife. The husband was awarded a $5,000 judgment lien together with interest at 6 per cent which is to be paid when the wife either voluntarily surrenders the premises or the property is sold, or upon remarriage by the wife.

We conclude that under the circumstances the division of property was not "just and proper." ORS 107.105(1)(e). We concur with the trial court that considering the wife's age and other circumstances she should be allowed to continue to reside in the Virginia residence without incurring the additional financial obligation of paying off a judgment lien to the husband. The wife has been residing in that home since the parties separated four years ago. However, considering the arrangement for spousal support and life insurance the parties agreed to, the husband or his estate is entitled to eventually share the principal assets, the residence and personal property, which the parties acquired during their marriage. The decree is amended to provide that the judgment lien shall be in the amount of $35,000, together with interest at the rate of six percent, payable when the wife surrenders the property or the property is otherwise transferred. The decree is in all other respects affirmed.

Affirmed as modified. No costs to either party.

**ROBERTS, J.,** dissenting opinion.

I disagree with the majority opinion which modifies the Decree of Dissolution to a substantial degree by increasing the husband's judgment and lien on the Virginia residence from $5,000 to $35,000.

The majority fails to take into consideration other factors in the distribution of property.

1. While wife is awarded one-half husband's monthly pension, wife will pay taxes on her share and husband will deduct one-half his yearly pension for income tax purposes. This creates a substantial disparity in what at first appears to be an equal division. While there was no testimony on this point, wife's attorney speculated that wife will pay approximately $200 per month in taxes.

2. The majority sets the value of the household furnishings at $30,000 when in fact this amount was disputed. Wife's figure was only $10,000.

3. The majority points out that the division of securities gave husband $11,000 more than wife.

4. The majority is correct in saying there was no evidence concerning the value of the Tualatin River property, which was awarded to husband, if this is to be interpreted in terms of specific dollars. However, it was this property that gave the trial court a problem as evidenced by its letter opinion of June 16, 1977. The pertinent part states:

"* * * Mr. Strong should have the Cannon Mills stock, Citi Corp, Garfinckel, Brooks, International Investors, 1970 Chevrolet and any interest that there may be in the Oregon property described as a cabin but designed by Pietro Belluschi.

"The one asset of the parties which has given the Court some trouble is the family home with a gross equity in excess of $60,000 before any sales costs. Also the problem facing the Court is the interest, if any, that Mr. Strong may have in the Oregon property."

The evidence clearly shows that the property is a two-bedroom bungalow designed by Pietro Belluschi and is located on eight acres of land on the Tualatin River. It is also equally clear that the parties had planned to retire on the site and this was the basis of their $7,000 investment. As the majority points out, husband will probably inherit the property.

[ 253 ]

5. The majority establishes the value of the Virginia property at $80,000, but there was no expert testimony indicating a market value. The wife's evaluation was $63,599 based upon an appraisal in Virginia, but she gave it a market value of $75,000.

Assuming a compromise market value of $80,000 and a $15,000 mortgage, the remaining equity would be $65,000. Without considering the factors listed above, the majority would award husband $35,000 of that equity. It is with this distribution that I disagree.

I respectfully dissent and would affirm the trial court's division.