Argued January 17, affirmed as modified February 20, 1979

In the Matter of the Marriage of
BRASTAD, *Appellant,*
*and*
BRASTAD, *Respondent.*
(No. D7711-15837, CA 11609)
590 P2d 794

Garr M. King, Portland, argued the cause for appellant. With him on the brief was Kennedy, King & McClurg, Portland.

James K. Belknap, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Wife appeals from a decree of dissolution, challenging the property division, the amount of child support and the lack of spousal support in the decree. Wife also contends she should have been awarded a greater amount for attorney fees.

Husband, aged 40, and wife, aged 35, were married 15 years and have two children, who were aged nine and four at the time of trial. Husband works for an oil company in Michigan; his gross annual salary is $24,600; his monthly salary is approximately $1200; his deductions include $202 per month to a company savings program which he can withdraw annually. Husband has other fringe benefits which include health and life insurance, the use of an automobile, an expense account, and a retirement program.

Wife had two years of college, leaving school when the parties married in 1962. Husband attended either night school or full-time school from 1964 to 1971. During the time husband attended school full time he had G.I. benefits and assistance from his parents. Wife worked until 1973 when the second child was born; she returned to work as a legal secretary when the parties separated. Wife's net monthly earnings are $695; her fringe benefits are life and medical insurance and in three years she will be eligible to participate in a Keogh plan. Although wife takes daily medication for ulcerated colitis and high blood pressure, her physical condition does not prevent her from working.

At the time of trial the parties had accepted an offer on their home. From the proceeds the court ordered that a second mortgage be paid and a down payment be made on a residence for wife and the children. The court further ordered that husband would have a lien of $6,000 at 6% per annum on the new residence, payable to husband by May 26, 1980, upon the sale of the property, or the remarriage or death of wife, whichever event first occurs. The court ordered child support of $225 per month per child for a total of $450

per month, awarded no spousal support and awarded wife $400 attorney fees.

■ In considering whether spousal support should have been awarded we look to the guidelines set out in the statute ORS 107.105(1)(c), and in previous cases. *See Grove and Grove,* 280 Or 341, 571 P2d 477 (1977). We conclude that here, where the wife is young, has had some college education, has had a number of years work experience and is presently employed in a skilled occupation, spousal support is not warranted.

■ We find, however, that the trial court's order requiring wife to pay husband $6,000 in May, 1980 in satisfaction of a lien on wife's residence could place such a financial burden on wife that she, very likely, would have to sell the home. We are mindful of the cases in which we have required wife to pay a lien to husband, *e.g., Meier and Meier,* 35 Or App 557, 581 P2d 984 (1978), and *Strong and Strong,* 36 Or App 249, 584 P2d 342 (1978); however, the facts are significantly different here. To require wife to pay the lien as ordered by the trial court could defeat the purpose of the purchase of the residence which was to provide a home for the children in a school district where the oldest child would have the benefits of a gifted-child program. We modify the decree by eliminating the judgment which is secured by the lien.

In view of the fact that the parties had paid their respective attorneys $500 from a loan made specifically to pay debts and the trial court awarded wife $400, we make no further award of attorney fees.

Affirmed as modified. No costs to either party.