Argued and submitted February 14, ordered accordingly July 23, both reconsiderations denied September 16, petitions for review allowed October 18, (295 Or 773)
See 296 Or 516, 678 P2d 730 (1984)

In the Matter of the Marriage of

# NICKERSON,
*Respondent,*

*and*

# NICKERSON,
*Appellant.*

(80-38587; CA A24809)

666 P2d 868

Kevin C. Gage, Salem, argued the cause for appellant. On the brief was Terry K. Haenny, Salem.

Kathy A. Lincoln, McMinnville, argued the cause for respondent. With her on the brief was Churchill, Leonard, Brown & Donaldson, Salem.

Before Buttler, Presiding Judge, and Richardson and Warren, Judges.

WARREN, J.

## WARREN, J.

Husband appeals the provisions of the trial court decree awarding wife $100 per month spousal support for one year, $265 per month child support and 15 percent interest on a $20,000 judgment representing wife's interest in the family farm.

■ During the pendency of this appeal, husband moved to modify the decree to terminate spousal support and to reduce child support. Thereafter, wife filed a motion to dismiss the appeal on the ground that husband had, by moving to modify, acquiesced in the decree and waived his right to appeal. We agree with wife with respect to the provisions relating to support but disagree as to her claim that husband's appeal relating to the interest should also be dismissed.

By moving to modify, husband necessarily recognized and acquiesced in the decree and waived his right to appeal, at least on the issues as to which modification was sought. *See Wilson v. Wilson,* 242 Or 201, 205, 407 P2d 898, 408 P2d 940 (1965).[1]

Turning to wife's contention that the appeal should be dismissed as to husband's claim that the trial court was without authority to award interest in excess of the 9 percent provided by ORS 82.010(3) applicable to judgments and decrees, we said in *Graf v. Don Rasmussen Co.,* 39 Or App 311, 314, 592 P2d 250, *rev den* 286 Or 521 (1979):

> "It is the general rule that a party may waive the right to appeal by acquiescing in the order below or claiming the benefits of the judgment. *Pac. Gen. Contrs. v. State Const. Co.,* 196 Or 608, 611, 251 P2d 454 (1952); *West et al. v. Broadwell et al.,* 124 Or 652, 653, 265 P 783 (1928); *State of Oregon v. Wells, Fargo & Co.,* 64 Or 421, 425, 126 P 611, 130 P 983 (1913).

---

[1] We recognize this rule places the party burdened by the decree in a difficult position. If, pending the appeal, without accepting any benefits of the decree, he invokes the trial court's jurisdiction to modify under ORS 107.135 claiming a change of circumstances, he is held to have waived his right to appeal. If the motion is denied because the trial court finds no change of circumstances, he may not obtain review of a portion of the decree with which he was dissatisfied even before the claimed change of circumstance. In that situation, it is difficult to understand why it should be said that the moving party has recognized the binding force of the decree, acquiesced in it and intentionally given up his right to contest it on appeal. While we would prefer a rule that would allow the appeal to continue when a motion to modify is denied, we are bound by *Wilson v. Wilson,* 242 Or 201, 407 P2d 898, 408 P2d 940 (1965).

However, an appeal may be maintained when it is not inconsistent with acceptance of the judgment. *Schlecht v. Bliss,* 271 Or 304, 309, 532 P2d 1 (1975). If the provisions of the judgment are divisible and the appeal does not place those portions of the judgment accepted by appellant in jeopardy, the appeal may continue. *Schlecht [v. Bliss], supra; Vaughan et ux v. Wilson et al,* 203 Or 243, 246, 273 P2d 991, 279 P2d 521 (1955)."

The provisions of the decree with respect to support and that providing for interest on her judgment are divisible. Acquiescence in the support provisions does not imply acquiescence to the provision for interest, nor are the provisions interdependent. It is clear that husband could expressly decline to appeal from the support provisions and still maintain an appeal on the interest issue. He is not in a worse position as a result of the acquiescence that results from his attempt to modify the decree while the appeal was pending.

On the merits, wife argues that it is not beyond the authority of the trial court to award interest in excess of the statutory amount. She relies on *Meier and Meier,* 35 Or App 557, 581 P2d 984 (1978), and *Rennacker and Rennacker,* 26 Or App 29, 551 P2d 1306 (1976). Neither supports her contention. In both cases, the trial court awarded a judgment with interest in excess of the then statutory rate of 6 percent. No question was raised as to the rate of interest, and we did not address the issue. Although we noted in *Husari v. Husari,* 9 Or App 126, 128, 496 P2d 22 (1972), that the trial court "* * * should be free to allow or withhold interest as, under all the circumstances of the case seems equitable and just" on a judgment in a disolution case, we now hold that when interest is allowed, it may not exceed the statutory rate.

The motion to dismiss is allowed with respect to the support provisions and denied with respect to the interest provision; the decree is modified to allow wife 9 percent on her judgment. Costs to appellant.