Submitted on remand March 6, affirmed as modified May 9, 1984

In the Matter of the Marriage of

## NICKERSON,
*Respondent,*
*and*

## NICKERSON,
*Appellant.*

(80-38587; CA A24809)

680 P2d 1012

Michael Duane Brown, Salem, appeared for appellant. With him on the brief were Kathy A. Lincoln and Churchill, Leonard, Brown & Donaldson, Salem.

Kevin C. Gage, Salem, appeared for respondent. With him on the brief was Terry K. Haenny, Salem.

Before Buttler, Presiding Judge, and Richardson and Warren, Judges.

WARREN, J.

## WARREN, J.

On remand from the Supreme Court, *Nickerson and Nickerson,* 296 Or 516, 678 P2d 730 (1984), we consider husband's challenge to the support provisions of the decree and the effect of the reduction in income to wife, because of the lowered interest rate on wife's judgment.

This is a five-year marriage. Wife received custody of the parties' one minor child. At the time of trial, wife was employed as an office manager in a doctor's office, taking home $717 per month. Husband, employed as a journeyman plumber, earned $31,000 before taxes during the eight months he worked in 1981. The trial court decreed that husband pay $100 per month spousal support for one year and $265 per month child support. Husband retained the farm and residence that the parties purchased during the marriage, subject to a $20,000 judgment in favor of wife, with interest at the annual rate of 15 percent. On appeal, we held that, when interest is allowed, it may not exceed the statutory rate under ORS 82.010(2), presently 9 percent, but dismissed the appeal as to the support provisions, because husband had acquiesced in the judgment, thereby waiving his right to appeal by asking that these provisions be modified in the lower court. *Nickerson and Nickerson,* 63 Or App 854, 666 P2d 868 (1983). The Supreme Court upheld the part of our opinion reducing the interest award but held that husband had not waived his right to appeal the support provision and remanded for further proceedings in the light of the reduction in the interest rate and husband's challenge to the support provisions of the decree.

■ First, we affirm the award of $265 per month child support. We agree with the trial court's finding that the child's needs are $400 per month and the award of two-thirds of that amount or $265 per month as the father's obligation, taking into consideration each of the parents' resources.

■ Next, we consider the spousal support provision of $100 per month for one year. Wife argues, and we agree, that the trial court intended the 15 percent interest payment to cover wife's needs in lieu of spousal support. Wife testified that her total expenses for herself and her child, including reasonable rent if she were not awarded the family home, amount to $1,341. Her net employment income of $717, $265

child support award and interest payments at 9 percent amount to $1,132 per month. Accordingly, we modify spousal support to $200 per month for one year.

Spousal support modified to $200 per month for one year; affirmed in all other respects. No costs to either party.