Argued and submitted January 9, affirmed as modified March 20, 1985

In the Matter of the Marriage of

# AULD,
*Appellant,*
*and*

# AULD,
*Respondent.*

(D8310-67602; CA A31933)

697 P2d 220

Jacob Tanzer, Portland, argued the cause and filed the brief for appellant.

Clifford W. Powers, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Husband appeals from a decree of dissolution. He assigns as error the trial court's division of property and an award of spousal support and attorney fees to wife. We modify the spousal support and affirm the decree as modified.

The parties were married for nine years. There are no children. At the time of trial, husband was 33 and wife 30, and both were in good health. The parties met while both were attending college. After husband received his bachelor's degree, they married and moved to Portland, where husband was employed. Wife continued school at Portland State University, where she received a bachelor's degree in education and French and her secondary teaching certificate in 1976. Husband has been employed as a lumber broker since April, 1980. He earns $26,000 per year base salary plus commissions, which vary with the state of the lumber market. Over the last four years husband has earned an average yearly income of $38,684.[1]

After her graduation from college, wife taught school for two years. She then decided to sell real estate, which required her to attend real estate school and obtain a license. She sold real estate part time for five years. Her gross income grew from $2,873 in 1979 to $7,811 in 1983. In August, 1983, wife enrolled in the Oregon School of Design, a private five year school in Portland. That career change precipitated the separation. At the time of trial, wife had completed her first academic year. The evidence established that wife has done well in school and that she is motivated to complete the program. She testified that many of the students have some design background, and because of her lack of experience it takes her longer to complete her projects. Although many of the students have part time jobs, wife testified that, because of the time she must devote to school, part time employment would be impossible. The court awarded wife $800 per month spousal support for the four years necessary to complete the program at the Oregon School of Design.

---

[1] His gross income in 1980 was $24,942; in 1981, $29,156; in 1982, $34,445; in 1983, $66,194. Husband's unusually high commissions in 1983 were due to an improved market. However, that improvement appears to have been temporary. His projected 1984 income was slightly higher than 1982.

Husband argues that the award of $800 monthly spousal support for four years is inequitable. Spousal support is governed by ORS 107.105(1)(d) which specifies that a decree may provide:

"(d)   For the support of a party, such amount of money for such period of time as it may be just and equitable for the other party to contribute * * *. In making such support order, the court shall consider the following:

"(A)   The length of the marriage;

"(B)   Age and physical and mental health of the parties;

"(C)   Contribution by one spouse to the education, training and earning power of the other spouse;

"(D)   The earning capacity of each party, including educational background, training, employment skills and work experience;

"(E)   The need for education, training or retraining to enable a party to become employable at suitable work or to enable the party to pursue career objectives to become self supporting at a standard of living not overly disproportionate to that enjoyed during the marriage to the extent that is possible;

"(F)   The length of absence from the job market and a realistic appraisal of suitable job opportunities available to a party considering age of the party and the length of time reasonably anticipated to obtain training or updating of career or job skills;

"(H)   The tax liabilities or benefits to each party and the net spendable income to each party after accounting for such liabilities and benefits;

"(I)   The amount of long term financial obligation, including legal fees and costs;

"(J)   Cost of health care to a party;

"(K)   The standard of living established during the marriage;

"* * * * *

"(M)   Such other matters as the court shall deem relevant in the particular case in order that each party shall have an opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible."

In considering an award of spousal support, the

"most significant factor * * * is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage." *Kitson and Kitson,* 17 Or App 648, 655-57, 523 P2d 575 (1974); *see Frishkoff and Frishkoff,* 45 Or App 1033, 610 P2d 831 (1980). If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage, then spousal support may not be warranted, *Brastad and Brastad,* 38 Or App 585, 590 P2d 794 (1979), or it may be limited to a period of one to three years. *Frishkoff and Frishkoff, supra,* 45 Or at 1044.

■     In *Brastad v. Brastad, supra,* we affirmed a court decree which awarded no spousal support because the wife was young, had some college education, had a number of years of work experience and was presently employed in a skilled occupation. In this case, wife is employable as a real estate salesperson and a school teacher. She is not presently employed, because she has made a career choice to work in interior design. Husband argues that wife does not *need* further education to become self supporting. *See* ORS 107.105(1)(d)(E). Husband contends that he has already financed the completion of her college education and a career change from teaching to real estate. Husband agrees that wife has the right to change careers but that it is inequitable to require him to pay for her career training for the third time. We agree. Wife is young and healthy. She is employable and capable of self sufficiency without additional education. She has not been absent from the job market, and she has no long term financial obligations. We therefore modify the decree to eliminate spousal support.

Decree modified to eliminate spousal support and affirmed as modified. No costs to either party.