In the Matter of the Marriage of

BUTCHER,
*Respondent,*
*and*

BUTCHER,
*Appellant.*

(CV 88-0785; CA A60517)

786 P2d 1293

Wade Bettis, La Grande, argued the cause for appellant. With him on the brief were Jonel K. Ricker and Bettis & Ricker, P.C., La Grande.

Robert W. Collins, Pendleton, argued the cause for respondent. On the brief were Michael B. Collins and Collins & Collins, Pendleton.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Husband appeals from a judgment of dissolution, assigning as error the amount of child support that the trial court awarded. He argues that the court improperly "speculated" about his future income and failed to give him enough credit for his insurance contributions and the time that the children spend with him. We affirm on those points without discussion but write to consider whether we must, on *de novo* review, apply the new child support guidelines. Or Laws 1989, ch 811, §§ 1-5; OAR 137-50-320 to OAR 137-50-490.

Wife filed her petition for dissolution on November 8, 1988. The court entered judgment on March 22, 1989, and applied the form of ORS 107.105(1)(c)[1] that was then in effect. The current version of ORS 107.105(1)(c), which took effect on October 3, 1989, provides, in pertinent part:

"The court, in determining the amount to be paid, shall use the scale and formula provided for in ORS 25.275 and 25.280."

ORS 25.275 requires the Support Enforcement Division of the Department of Justice to "establish by rule a formula for determining child support awards in any judicial or administrative proceeding." ORS 25.280 provides: "In any judicial or administrative proceeding for the establishment or modification of a child support obligation under ORS chapter * * * 107 * * *, the amount of support determined by the formula" is rebuttably presumed to be correct. OAR 137-50-320 to OAR

---

[1] ORS 107.105(1)(c) then provided, in relevant part:

"In making this [child support] determination, the court shall consider, but not limit itself to, the following factors:

"(A)  The financial resources of both parents;

"(B)  To the extent it is possible, a standard of living which is not overly disproportionate to the standard of living that the child would have enjoyed had the marriage not ended;

"(C)  The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(D)  The cost of day care if the custodial parent works outside the home;

"(E)  The expense attributable to the physical, emotional and educational needs of the child;

"(F)  The tax consequences to both parties resulting from spousal support awarded, if any, and determination of which parent will claim the child as a dependent; and

"(G)  Expenses arising from other factors as the court may determine relevant in the particular case."

137-50-490 implements ORS 25.275 and ORS 25.280 and establishes the formula.

We review *de novo*. ORS 19.125(3). Whether we must apply the new formula in this review of a judgment entered before October 3, 1989, depends on the intent of the legislature. *Whipple v. Howser,* 291 Or 475, 479, 632 P2d 782 (1981). The legislation is silent on that question, and we find nothing instructive in its history.

We first note that the legislature has directed ORS 107.105, both before and after the 1989 amendment, to trial courts. The statute grants power to the court to set child support, among other things, "[w]henever the court grants a decree of marital annulment, dissolution or separation." ORS 107.105(1). Those are actions that trial courts take; although we review *de novo,* that is, "try the cause anew upon the record," ORS 19.125(3), nonetheless we are only reviewing, not performing the acts that are listed in ORS 107.105.

We also note the very serious burden on courts and parties if we were to interpret the statute to apply to our review in this and similar cases. Because a trial court could have had no reason or ability to apply the new formula to cases in which judgments were entered before October 3, 1989, and because the formula contains criteria that very likely would require different evidence than did the former law, we would have to remand most cases if we were to apply the formula on *de novo* review. In the absence of an express directive from the legislature, we will not infer an intent to cause such an unreasonable and unnecessary result. Accordingly, we do not read the statute to require us to apply the new formula in this situation.

The purpose of enacting Or Laws 1989, ch 811, was to bring Oregon into compliance with the Federal Family Support Act of 1988, 42 USCA § 667(b) (Supp 1989), which requires that states use child support guidelines. ORS 25.270. The history of the federal act, in turn, does not tell us how to interpret the Oregon amendment. *See* Sen. Rep. No. 377, 100th Cong., 2nd sess., *reprinted in* 1988 US Code Cong. & Admin. News 2776 (1988). Nothing in the federal act or in its history, however, is inconsistent with our reading of ORS 107.105(1)(c) or suggests any federal compulsion on states or their courts to undo what has been done.

Affirmed. Costs to wife.