In the Matter of the Marriage of

John M. WIGHT,
*Appellant,*
*and*

Ingrid A. WIGHT,
*Respondent.*

(D8805-63363; CA A61158)

804 P2d 494

Michael A. Yates, Portland, argued the cause for appellant. With him on the brief were Mark A. Johnson and Gevurtz, Menashe & Hergert, P.C., Portland.

Dale R. Koch, Portland, argued the cause for respondent. With him on the brief were Sharon A. Williams and Sorensen-Jolink, Trubo & Koch, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals from a dissolution judgment, challenging the trial court's award of spousal support. On *de novo* review, we affirm.

This was a marriage of five and one-half years, the second for both parties. No children were born during the marriage, but husband has two children from his first marriage, ages 17 and 19, and wife has four, ages 21, 19, 17 and 15. Husband is 46 years old, and wife is 44. Both are in good health. Husband is an attorney in private practice. From 1983 to 1988, he had an average annual income of $51,558. In the two years immediately preceding the trial, his gross income was more than $6,000 per month. Wife holds a bachelor's degree from Marylhurst College, which she obtained between the dissolution of her first marriage and her marriage to husband. That education does not qualify her to teach in the public schools or to get a basic teacher's certificate. While married to husband, she worked as a tutor for dyslexic children for about 17 hours per week, eight months of the year. Her income in 1988 was approximately $8,800. When she was not tutoring, she acted as a homemaker for husband and for those of the children who were still living at home. The parties pooled their earnings, consolidated their savings and checking accounts and made many joint purchases.

At the time of wife's marriage to husband, her former husband was paying her $200 per month in child support for each of her four children. He also paid $1,200 per month in permanent spousal support, which was to be reduced to $800 per month in 1984 and $500 per month in 1991. Pursuant to an agreement with her former husband, wife's spousal support terminated on her marriage to husband. Child support, however, was increased to $320 per month per child. Wife currently receives $640 per month in support for the two children still with her.

Wife testified that she wished to obtain her master's degree. That would allow her to work as a special education teacher at a beginning annual salary of approximately $18,000. She also argued that she should be awarded $120,000 as compensation for the spousal support that she lost as a result of her marriage to husband. The trial court concluded:

"I don't see this as a case in which the respondent should be compensated for loss of spousal support from a previous marriage. I do think that loss may and should be considered by the Court in arriving at an appropriate amount of spousal support for [wife]."

It awarded her spousal support of $1,200 per month for three years and $500 per month for one additional year in order for her "to have the opportunity to complete her education."

Husband argues that the trial court erred in considering wife's loss of support from her previous marriage in determining the amount and duration of spousal support. It is unnecessary to decide that question in this particular case, because there was sufficient evidence under the enumerated factors in ORS 107.105(1)(d)(A)-(L) for the trial court to determine wife's financial needs without considering the forfeiture of a previous award under subsection (M).[1] In fact, the trial court, in its opinion letter, clearly determined those needs independently of the earlier forfeiture of spousal support. In any event, on *de novo* review, we conclude that the present award is appropriate, given wife's present needs, including her educational needs.

Husband argues that the short length of the marriage and the fact that wife is employable make an award of spousal support inappropriate. It is true that, "[o]rdinarily, when the marriage is of relatively short duration and the wife is employable, spousal support is either inappropriate or appropriate only for a limited period of time." *Robinson and Robinson,* 34 Or App 771, 579 P2d 887 (1978). However, the length of a marriage is not the sole dispositive factor. *Holt and Holt,* 97 Or App 192, 776 P2d 7 (1989). Length of the marriage may be pertinent to the propriety of an award of spousal support when one spouse foregoes employment experience and opportunities, because the longer the marriage, the more likely it is that foregoing such opportunities will have a detrimental impact on future employment. *Kitson and Kitson,* 17 Or App

---

[1] In addition to the factors a court must consider in ORS 107.105(1)(d)(A)-(L), subsection (M) provides that the court must consider

"[s]uch other matters as the court shall deem relevant in the particular case in order that each party shall have the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible."

648, 655, 523 P2d 575, *rev den* (1974). Although this marriage was not a long one, wife nevertheless put aside the opportunity for education and employment in the special education field for the benefit of the family. Under the circumstances, she is entitled to support while she completes her education.

Husband's final argument is that it is inequitable to require him to pay support, because that places wife's former husband's support burden on his shoulders. That argument, however, mischaracterizes the facts. The trial court specifically rejected wife's argument that she be compensated for the loss of her previous support award. Instead, it awarded her only the amount of support necessary to enable her to complete her education.[2] The court's award did not replace wife's permanent spousal support from her former husband. It simply recognized that, under the circumstances, wife should enjoy "the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage."

Affirmed. Costs to wife.

---

[2] We also reject husband's contention that the trial court's award was excessive in amount and duration. This is not a situation like the one in *Auld and Auld,* 72 Or App 747, 697 P2d 220 (1985), where the wife sought spousal support to make a career change for the third time. Here, wife has begun training for a career in special education, but she needs further education if she is to become self-supporting at a reasonable level. Under the evidence, the amount and duration of the award was not error.