Argued and submitted March 31, remanded in part; otherwise affirmed
September 27, 1995, petition for review denied April 2, 1996 (323 Or 114)

In the Matter of the Marriage of

Kenneth Dean OLSEN,
*Respondent,*
*and*

Kristen J. OLSEN,
*Appellant.*

(C92-1568-DR; CA A80167)

902 P2d 1217

Chris P. Ledwidge argued the cause for appellant. With him on the brief was Ledwidge and Ledwidge.

Mark A. Johnson argued the cause for respondent. With him on the brief was Findling & Johnson.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Wife appeals from a dissolution judgment, challenging the property division and award of spousal support. We review *de novo*, ORS 19.125(3), and remand for entry of a modified judgment with respect to the award of spousal support.

At the time of trial, both parties were 30 years old. They had been married for seven years and had a 21-month-old son. The parties were married after husband's first year of medical school. Husband financed his first year of medical school with guaranteed student loans. However, after his first year, he received a scholarship through the Navy, which provided for his tuition, books and fees, plus a stipend of $600 per month. While in medical school, husband devoted his energies to his studies. Wife, who has a B.A. in English, worked both outside and inside the home. Until the birth of their son, she earned income by working at various clerical and data entry jobs. During that time, wife's parents provided the couple with some financial assistance. Wife performed the "vast majority" of the homemaking duties and provided husband with emotional support. During the parties' relationship, they made a number of joint decisions concerning husband's education and career that resulted in delaying the receipt of income from husband's employment in the interest of enhancing his future earning capacity. At the time of trial, husband had received his medical degree and was in his final year of residency at Oregon Health Sciences University, where he was earning a gross monthly salary of $2,678. However, in four months, he was to begin three years active duty with the Navy, where his starting salary would be approximately $100,000 per year.

At trial, in addition to spousal support, wife sought an award of $449,000, which represented 40 percent of the present value of husband's enhanced earning capacity as a medical doctor. The trial court refused to consider husband's enhanced earning capacity as property, but stated that he would consider it in setting spousal support. The parties stipulated that wife would have custody of their son and that wife would work exclusively as a homemaker until their son began kindergarten in 1996, whereupon she could begin working part time. The court ordered husband to pay child

support of $500 per month until August 1, 1993, when it would increase to $680 per month. The court also awarded wife spousal support of $500 per month until August 1, 1993, when it would increase to $2,000 per month until July 1, 1998.

Wife assigns error to the trial court's failure to consider husband's enhanced earning capacity as a marital asset. Wife first relies on ORS 107.105(1)(f), which became effective after the trial court entered the judgment. That statute provides, in part:

> "The present value of, and income resulting from, the future enhanced earning capacity of either party shall be considered as property. The presumption of equal contribution to the acquisition of marital property, however, shall not apply to enhanced earning capacity. A spouse asserting an interest in the income resulting from an enhancement of earning capacity of the other spouse must demonstrate that the spouse made a material contribution to the enhancement. Material contribution can be shown by, among other things, having contributed, financially or otherwise, to the education and training that resulted in the enhanced earning capacity. The contribution shall have been substantial and of prolonged duration."

The statute is silent as to whether it applies retroactively.

Wife argues that the amended statute is applicable here because on *de novo* review, we are required to apply the law as it presently exists rather than as it existed at the time that the trial court judgment was entered. In *Butcher and Butcher*, 100 Or App 476, 479, 786 P2d 1293, *rev den* 310 Or 70 (1990), we addressed a similar issue with respect to a 1989 amendment to ORS 107.105(1). There, a portion of that statute which requires courts to use the child support guidelines became effective after the trial court entered its judgment of dissolution. We declined to apply the amended version of the statute for the first time on appeal:

> "Whether we must apply the new formula in this review of a judgment entered before [the effective date of the amendment] depends on the intent of the legislature. *Whipple v. Howser*, 291 Or 475, 479, 632 P2d 782 (1981). The legislation is silent on that question, and we find nothing instructive in its history.

"We first note that the legislature has directed ORS 107.105, both before and after the 1989 amendment, to trial courts. The statute grants power to the court to set child support, among other things, '[w]henever the court grants a decree of marital annulment, dissolution or separation.' ORS 107.105(1). Those are actions that trial courts take; although we review *de novo*, that is 'try the cause anew upon the record,' ORS 19.125(3), nonetheless we are only reviewing, not performing the acts that are listed in ORS 107.105.

"We also note the very serious burden on courts and parties if we were to interpret the statute to apply to our review in this and similar cases. Because a trial court could have had no reason or ability to apply the new formula to cases in which judgments were entered before [the effective date of the amendment], and because the formula contains criteria that very likely would require different evidence than did the former law, we would have to remand most cases if we were to apply the formula on *de novo* review. In the absence of an express directive from the legislature, we will not infer an intent to cause such an unreasonable and unnecessary result. Accordingly, we do not read the statute to require us to apply the new formula in this situation." 100 Or App at 479.

Neither the text of the 1993 amendment to ORS 107.105(1)(f), nor its legislative history, indicate that the legislature intended for us to apply the amended statute on review of a judgment entered before the amendment's effective date. Under the reasoning of *Butcher*, we decline to do so. Although our review is *de novo*, we are limited to *reviewing* the trial court's actions, not taking those actions in the first instance. Moreover, an application of ORS 107.105(1)(f) for the first time on appeal would, in many cases, require us to remand for evidence of a spouse's enhanced earning capacity.[1] We therefore decline to apply the amended version of ORS 107.105(1)(f) in our review of the trial court's actions.

■　　Nonetheless, wife argues that, under the then existing common law, the trial court should have considered husband's enhanced earning capacity as marital property. Wife relies primarily on cases from other jurisdictions and

---

[1] The fact that remand might be unnecessary here, because the trial court received evidence of husband's enhanced earning capacity for support purposes, does not eliminate the possibility that many subsequent cases would require remand for additional evidence.

argues that the propriety of considering a spouse's enhanced earning capacity as marital property is an issue of first impression in Oregon. We disagree.

In *Grove and Grove*, 280 Or 341, 357-58, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977), the Supreme Court refused to consider a husband's enhanced earning capacity as marital property:

> "The wife has urged us to adopt the approach suggested by the dissent in the Court of Appeals. In effect, that approach would treat the dissolution of a marriage like the dissolution of a business partnership and would also, in cases like this one, consider the husband's earning capacity, to the development of which both parties contributed, as a joint asset to be allocated between them. * * * We do not, however, approve the allocation of future earnings on principles applicable to property rights."

In subsequent cases, we have consistently refused to consider a spouse's enhanced earning capacity as martial property. *See Follansbee and Ackerman*, 115 Or App 39, 45, 836 P2d 763 (1992); *Stuart and Stuart*, 107 Or App 549, 552, 813 P2d 49 (1991). We therefore conclude that the court properly declined to consider husband's enhanced earning capacity as marital property.

■      Wife also assigns error to the court's award of spousal support. In granting a judgment of dissolution, a trial court may award spousal support in "such amount of money for such period of time as it may be just and equitable for the other party to contribute." ORS 107.105(1)(d). In reviewing an award of spousal support, we consider the following factors:

> "the length of the marriage, the age and health of the parties, the number and ages of dependent children, the parties' earning capacities, including an assessment of their employment skills and work experience, *as well as the extent to which the earning capacity of a party is impaired because of being absent from the job market to attend to family needs, and the need for education to enable the parties to pursue career objectives and become self-supporting at a standard of living 'not overly disproportionate to that enjoyed during the marriage.'* " *Ley and Ley*, 133 Or App 138, 141, 890 P2d 440 (1995) (emphasis supplied; citation omitted).

Wife contends that the duration of the award is too short considering the parties' agreement that she devote herself full time to taking care of their son until he enters kindergarten in September 1996. She argues that the award, which extends to July 1, 1998, does not give her adequate time to "establish her economic viability within the economic workplace." We agree. Wife testified that she wanted to increase her earning potential by returning to school and obtaining a teaching certificate or graduate degrees in either law or oceanography. She stated that obtaining a teaching certificate, the least demanding alternative, would require one to three years of additional undergraduate study plus a 12-month certification course. Under the trial court's spousal support award, wife has only 10 months from the time that her son enters first grade before spousal support ends. Under the circumstances here, it is equitable to allow wife more time to complete additional training and education. *See Wight and Wight*, 105 Or App 188, 191-92, 804 P2d 494 (1991). Accordingly, we modify the dissolution judgment to extend that part of the spousal support award that began on August 1, 1993, to July 1, 2000.

Remanded for entry of modified judgment extending that part of the spousal support award that began on August 1, 1993, to July 1, 2000; otherwise affirmed. Costs, not including attorney fees, to wife.